BOLIN, Judge.
This workmen’s compensation suit results from an accident which is alleged to have occurred on or about May 27, 1970 while Alvin Jackson, an employee of AMF Beaird, Inc., was attempting to lift a wheelbarrow. The lower court rendered judgment in favor of Jackson against Liberty Mutual Insurance Company, Beaird’s insurer, for total and permanent disability benefits, less amounts previously paid, and Liberty Mutual appeals. We affirm the ruling of the district court.
The appellant specified the lower court erred in: (1) concluding the employee had established the occurrence of a compensa-ble accident by a preponderance of evidence and, (2) concluding the employee was totally and permanently disabled within the meaning of the Louisiana Workmen’s Compensation Act.
SPECIFICATION OF ERROR NO. 1
During the trial it was stipulated defendant paid plaintiff compensation at the rate of $49.00 per week from June 2, 1970 to September 28, 1970, and thereafter paid and was still paying at the time of trial compensation in the amount of $12.50 per week. It was also stipulated defendant paid approximately $1900 in medical expenses. Neither the furnishing of medical service nor payment by the employer or his insurance carrier shall constitute an admission of liability for workmen’s compensation. La.R.S. 23 :1204. Although not an admission these payments may be taken into consideration together with all the other evidence in the case.
During cross examination plaintiff testified he had never received any workmen’s compensation payments prior to the *626 present suit; however, it was shown he had suffered a previous injury for which he received one payment in the form of a check for approximately $200. This amount was paid to him without suit having been filed and without court approval. Counsel for appellant contends this revelation renders plaintiff’s testimony unworthy of belief and that it should be disregarded. Plaintiff explained that, having received only one check without court approval, he did not consider it a workmen’s compensation payment. The trial judge was in a much better position to assess the credibility of this witness than is this court and we find plaintiff’s explanation of the inconsistent statement reasonable.
Plaintiff testified he attempted to lift a heavily loaded wheelbarrow which caused him to experience pain in the lower region of his back and soon thereafter he reported to the company first-aid station. A fellow employee partially corroborated plaintiff’s testimony as to the occurrence of the accident. The next day plaintiff reported to Dr. Wolfe complaining of low back pain. Dr. Wolfe X-rayed his back and gave him muscle relaxants. Following a subsequent examination Dr. Wolfe had Jackson hospitalized and, in due course, referred him to an orthopedic surgeon. A ruptured or herniated disc was suspected and an exploratory operation was performed.
There is some inconsistency in the medical testimony as to whether plaintiff did in fact have a ruptured or herniated disc. However, the preponderance of the medical testimony is that he had either a herniated disc, which was in remission at the time of the operation, or a narrowing or compression of two vertebrae which necessitated the surgical removal of tissue in the area in order to relieve pressure on the nerve roots. Considering the testimony of plaintiff and his fellow employee, the fact that he reported to Dr. Wolfe the following day, together with the medical testimony relating to the nature of his injuries, we find plaintiff has established a work-related accident by a preponderance of the evidence.
SPECIFICATION OF ERROR NO. 2
Three orthopedic specialists testified either in open court or by deposition. All concluded plaintiff had a permanent partial disability of the body as a whole, although they differed as to whether the disability was caused or aggravated by a work-related accident. Not one of the specialists was able to say plaintiff could return to work and perform the duties he was pursuing at the time of the accident or duties similar thereto, although some of the doctors seemed to think he could do the same work after a period of “rehabilitation”.
We conclude plaintiff is totally and permanently disabled. [See the remarkably similar case of Blunt v. Lunsford, 126 So.2d 379 (La.App. 2d Cir. 1961), wherein the employee was adjudged to be totally and permanently disabled.]
No error having been found in the judgment of the lower court, it is affirmed at appellant’s cost.